FIREMAN'S FUND INSURANCE COMPANY v. FRED C. VON ROSENBERG, COMMISSIONER, ETC.

No. 2202.  Decided November 16, 1910.

**1.—Taxation—Insurance Companies.**

The tax imposed on fire insurance companies doing business in Texas, for the purpose of meeting the expenses of the Fire Rating Board (Act of April 19, 1909, sec. 16, Laws 21st Leg., p. 325) is to be assessed against any of such companies in the proportion which the gross premiums collected by it during the year bear to the aggregate of such premiums collected by all such companies for the same period, and it is the duty of the Commissioner of Insurance to certify the amount to be paid by each company in accordance with this rule. (Pp. 573, 574.)

**2.—Same—Exemption of Certain Companies.**

The exemption from payment of the tax for expenses of the Fire Rating Board by the last provision of section 16 of the Act of April 19, 1909 (Laws 31st Leg., p. 315), of certain companies liable to an occupation tax of not less than two and one-half percent of the gross premiums received by them, does not authorize the Tax Commissioner to assess the entire amount of $15,000 provided for such expenses against such companies only as are not liable to pay such amount of occupation tax under existing laws. The exemption given by that proviso appears to be intended to apply not to those paying such rate under existing laws, but to the effect of future laws then in contemplation. (P. 574.)

**3.—Statutory Construction—Constitutional Law.**

The construction of a statute which would render its validity doubtful under the Constitution, should be avoided, if possible.  (P. 574.)

**4.—Mandamus.**

The Commission of Insurance can be required by mandamus to assess and certify a tax against a foreign corporation doing business in the State, in accordance with the proper construction of the law under which he is acting, when about to proceed, under a different construction, to impose a higher tax, the nonpayment of which would subject the party wronged to a declaration of forfeiture by him of its permit to do business in the State.  (P. 574.)

Original application to the Supreme Court by the Fireman's Fund Ins. Co. for writ of mandamus against Von Rosenberg as Insurance Commissioner.

*Wm. Thompson,* for relator.—It has been repeatedly held in this

State that the Supreme Court has the power by writ of mandamus to compel the performance by a head of a department, composing part of the executive branch of the government of the State, of a legal duty, ministerial in its nature. Article 5, sec. 3, of the Constitution; article 946, Rev. Stats.; Aetna Ins. Co. v. Hawkins, 125 S. W., 313; Hazelwood v. Rogan, 95 Texas, 295; McDowell v. Terrell, 99 Texas, 107.

Mandamus is an extraordinary remedy applicable where the usual and accustomed modes of procedure and forms of remedy are powerless to afford relief; but the writ is awarded even in cases where relator has some relief in other modes of procedure if this other relief is not as full, complete and adequate as that furnished through the writ of mandamus. See cases cited, supra.

In this case, except through the process of mandamus herewith applied for, the relator is without adequate remedy. Article 4861, Rev. Stats.; McKenzie v. Baker, 88 Texas, 669.

Other statutes of the State forbid and prohibit an insurance company from conducting any business in the State except it has a permit from respondent to do business. Rev. Stats., arts. 3061, 3093, 3094, 3095; Penal Code, arts. 415, 416, 417, 418.

It seems to us that the measure of liability fixed in the Act of 1909 against relator is to be found solely in that portion of the section reading as follows: "It shall be the duty of the Commissioner of Insurance and Banking . . . to collect from each fire insurance company which transacted business in this State during the preceding calendar year, or any portion thereof, the proportion of such sum of $15,000 which the gross premiums collected by such company during such year from persons or upon property located in this State bears to the aggregate amount of such gross premiums so collected during such year by all fire insurance companies transacting business in this State. Provided, that in computing such gross premium receipts there shall be deducted therefrom the amount paid out for reinsurance, and for return premiums on cancelled risks." The language of the section thus quoted is clear and free from ambiguity and manifests clearly the intent of the Legislature in fixing the parties against whom the collection shall be made, and in fixing and determining the proportion of the sum to be collected which each is or shall be required to pay. That the other portion of the section may relieve any company or companies from the payment of any portion of the sum to be raised can not, we think, be made to enlarge or extend the sum or distributive portion which each is required under the terms of the Act to pay. If the State of Texas has already collected, as contended by respondent, from any of the companies doing business in the State, their proportion of the money to be paid under some other tax law (article 8 of the Acts of the Thirtieth Legislature, approved May 16, 1907), then the State of Texas has already received a portion of the $15,000 to be raised; and we submit that there is no warrant in the statute authorizing or requiring respondent to pay such sum as these other companies should have paid, or already may have paid, under this other tax law.

The construction undertaken to be placed upon the Act by the respondent in the case, we submit, would be violative of article 8, secs. 1 and 2, of the Constitution, which requires that taxation shall be equal and uniform, as to all taxes, whether upon property or upon occupations or upon income, and that all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the same.    Pullman P. C. Co. v. State, 64 Texas, 275; Hoefling v. City of San Antonio, 85 Texas, 234.

Relator would further submit that the construction undertaken to be given by respondent in the action complained of to the statute under consideration is violative of the Fourteenth Amendment to the Constitution of the United States, in that it will deny to the relator the equal protection of the law.    Southern Ry. v. Greene, 216 U. S., 400.

*Jewel P. Lightfoot,* Attorney-General, and *Jas. D. Walthall,* Assistant, for respondent.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a petition for a writ of mandamus to compel Fred C. Von Rosenberg, Commissioner of Banking and Insurance, to assess against all the insurance companies in the State the $15,000 provided by the statute of April 19, 1909, Thirty-first Legislature, p. 315, a tax imposed for the purpose of paying the expenses incident to the action of the State Fire Rating Board.    It is alleged in the petition that to create this fund the respondent has selected forty-four out of 122 companies liable for the tax and has imposed the payment of the $15,000 upon them and has exempted seventy-eight companies from the payment of any part of the tax.    The prayer is to compel the respondent to take into account in levying the tax all the insurance companies which did business in the State in the year 1909, and to accept the tax so levied upon relator as its part of said tax.

The respondent in his answer, relies upon that provision of section 16 of the Act of April 19, 1909, which reads as follows: "Provided, that the collections from fire insurance companies provided for in this section shall not be made for any year during which any such company shall be liable under the laws of this State, to the payment of an occupation tax at a rate of not less than two and one-half per cent of the gross premiums received, less deductions for reinsurance and return premiums on cancelled risks."    But we are of opinion that this provision does not help his case.    It seems to us that the provision was inserted with a view to meet future legislation and not with a view to the requirements of existing statutes.    The previous part of section 16 makes it the duty of the Commissioner of Insurance and Banking "to collect from each fire insurance company which transacted business in this State during the preceding calendar year or any portion thereof, the proportion of said sum of $15,000 which the gross premiums collected by such company during such year from persons or upon property located in this State bears to the aggregate amount of such gross premiums so collected during such year by all fire insurance companies transacting business in this State.

Provided, that in computing such gross premium receipts there shall be deducted therefrom the amount paid out for reinsurance and for returned premiums on cancelled risks."

This tax it will be seen is upon "each fire insurance company," and there is nothing to indicate any purpose to except any. Why leave this exception to be determined by a calculation of the percentage which the tax imposed bears to the gross premiums received by such company, after deducting for reinsurance and cancelled risks? Besides, the language of the exemption seems to refer to future laws, and not to those there made for levying the tax. "The companies referred to in the exemption shall not be assessed when such company shall be liable under the laws of this State" seems to refer to laws thereafter to be passed.

It occurs to us that there is another reason why the construction claimed by respondent should not prevail. It is doubtful whether the Act so construed would be valid under the Constitution of the State and of the United States. Under that construction the difference of a cent might exempt one company and make another liable for the tax. Would so small a difference as this afford a proper basis for a classification?

We have had some doubt whether a writ of mandamus would lie in a case like the present. But we have concluded that it will. The statute provides that if a company upon demand fails to pay the tax, the Commission of Insurance and Banking shall within thirty days revoke its authority to do business in this State. We see no way to prevent this result except by compelling the respondent to assess the proper amount of the taxes. Accordingly, the mandamus has been so awarded.